JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00563-JVS-KES | Date | May 18, 2026 |
| Title | Noah Vonleh v. Alex Yam et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:  **[IN CHAMBERS] Order Regarding Plaintiff's Motion to Remand [12] and Defendant's Motion to Dismiss [14]**

Before the Court are two motions.

First, Plaintiff Noah Vonleh ("Vonleh") moves to remand this case to Orange County Superior Court.  (MTR, Dkt. No. 12.)  Defendant Alex Yam ("Yam") opposed.  (Opp'n to MTR, Dkt. No. 16.)  Vonleh replied.  (MTR Reply, Dkt. No. 18.)

Second, Yam moves to dismiss all causes of action against him.  (MTD, Dkt. No. 14-1.)  Vonleh opposed.  (Opp'n to MTD, Dkt. No. 15.)  Yam replied.  (MTD Reply, Dkt. No. 17.)

For the following reasons, the Court **DENIES** the Motion to Remand and **GRANTS** the Motion to Dismiss as to all causes of action.  Dismissal is without leave to amend and with prejudice.

## I. BACKGROUND

This case involves the same underlying facts and two of the same parties as a related case, Noah Vonleh v. Alex Yam et al, 8:25-cv-02606-JVS-KES ("Vonleh I").  In this Order, the Court describes only the facts necessary to resolve the present motions.  For a full description of the factual background involved, the Court directs the reader to its dismissal order in Vonleh I.  (See Order Regarding Plaintiff's Motion to Remand and Defendants' Motion to Dismiss in Vonleh I ["Vonleh I Dismissal Order"], 2026 WL

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:26-cv-00563-JVS-KES                              Date    May 18, 2026

Title    Noah Vonleh v. Alex Yam et al

184199 (C.D. Cal. Jan. 23, 2026).)[1]

Vonleh is a professional basketball player who formerly played for several teams in the National Basketball Association ("NBA"), as well as the Shanghai Juss Basketball Co., Ltd. ("Shanghai Sharks" or "Sharks") of the Chinese Basketball Association ("CBA"). (Complaint ["Compl."], Dkt. No. 1-1 ¶¶ 1, 19–21.) Yam is an agent for professional athletes and the managing member of EJY, LLC ("EJY"), a company involved in sports transactions. (Id. ¶ 2.) In 2021, Vonleh was represented by Pensack Sports ("Pensack"), which worked with Yam on Vonleh's representation. (Vonleh I Dismissal Order at 2.) In December 2021, four parties signed a contract entitled "Representative Fees Agreement[2]": the Shanghai Sharks, Vonleh, EJY, and Shanghai Nasika Enterprise Management Consulting Center (Limited Partnership) ("Nasika").[3] (See Representative Fees Agreement ["RFA"], Compl., Ex. A, Dkt. No. 1-1 at ECF Nos. 15–22.) In the present Complaint, Vonleh alleges that—although he is a signatory of the Representative Fees Agreement—his signature was either forged or fraudulently induced: "Plaintiff had not previously been provided the document, had not previously reviewed it, and had no reason to suspect that his signature had been affixed without authorization." (Compl. ¶ 29.)

    B.    *Procedural Background*

        1.    The BAT and Northern District of Georgia

---

[1] Citations to page numbers in the Vonleh I Dismissal Order are based on the PDF version of this document that is available on the Vonleh I docket, not the unofficial Westlaw pagination.

[2] Vonleh I involved multiple contracts, so the Court referred to this as the "Nasika/EJY Agreement" to distinguish it. (See Vonleh I Dismissal Order at 2.) For clarity, the Court calls it the "Representative Fees Agreement" here because that is the term used by both Vonleh and Yam. (See generally RFA.)

[3] Nasika was not party to Vonleh I, but its agent Zhang Jiji ("Jiji") was—and remains a party to this day. Jiji has not made an appearance in the Vonleh I litigation. The Court reminds Vonleh's counsel that Vonleh I is not closed, and that further inaction on that docket will result in an Order to Show Cause re: Dismissal.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:26-cv-00563-JVS-KES                Date   May 18, 2026

Title      Noah Vonleh v. Alex Yam et al

In November 2023, Pensack initiated arbitration against Vonleh before the Basketball Arbitral Tribunal ("BAT") in Geneva, Switzerland seeking compensation for unfulfilled terms of a separate contract.  (BAT Award, Dkt. No. 1-7 ¶ 21.)  Before the BAT, Vonleh argued that he satisfied performance of the separate contract through the money he paid in the Representative Fees Agreement.  (BAT Award ¶ 15.)  Specifically, Vonleh contended "that it was understood that . . . [Pensack's] agency fee was paid by Nasika and/or EJY LLC."  (Id.)  The BAT did not agree: on June 14, 2024, it held that Vonleh owed Pensack agent fees of $192,271.50 under the Pensack Agency Agreement. (Id. ¶ 171.)

In January 2025, Pensack petitioned a federal court in the Northern District of Georgia to confirm the arbitration award.  (N.D. Ga. Opinion, Dkt. No. 1-8 at 3.)  Pensack grounded its petition in Chapter 2 of the Federal Arbitration Act ("FAA"), which implemented the international Convention on the Recognition and Enforcement of Foreign Arbitral Awards (popularly known as the "New York Convention").  (Id. at 5.) The Georgia court granted the petition, confirmed the BAT Award under the FAA, and entered judgment against Vonleh.  (Id. at 13.)  By September 5, 2025, Vonleh paid the judgment in full.  (See Vonleh I Dismissal Order at 3 (citing exhibits).)

2.      Vonleh I

Undeterred by losses in Geneva and Georgia, Vonleh brought an action in this District.  (See generally Vonleh I.)  Vonleh sued Yam, Pensack, EJY, and Jiji under a number of claims, including fraud and breach of fiduciary duty.  (Vonleh I Dismissal Order at 4.)  Like here, Vonleh contended that the Representative Fees Agreement was invalid because it was forged.  (Id. at 5.)  In January 2026, the Court found removal jurisdiction was proper under 9 U.S.C. § 205.  (Id. at 7–8.)  Additionally, the Court dismissed each of Vonleh's claims as to all defendants (except Jiji, see supra, footnote 3), finding that the claims were barred either by claim preclusion, statutes of limitations, or judicial estoppel.  (Id. at 9–13.)

3.      The Present Case

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00563-JVS-KES | Date | May 18, 2026 |

| | |
|---|---|
| Title | Noah Vonleh v. Alex Yam et al |

Two months later, Vonleh filed the present action in Orange County Superior Court.  (Compl. at 11.)  This time, Vonleh brings claims against Yam for fraud, conversion, breach of fiduciary duty, and violation of California's Unfair Competition Law ("UCL").  (Id. ¶¶ 40–84.)  Unlike Vonleh I, Yam is the only defendant here; EJY, Pensack, and Jiji are not parties to this case.  (See generally Compl.)  On March 12, 2026, Yam removed the case to federal court.  (See Notice of Removal, Dkt. No. 1.)

## II.  LEGAL STANDARDS

### A.   Motion to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  Id.  This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'"  Id. (quoting Gaus, 980 F.2d at 566).

### B.   Motion to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept "all well-pleaded" factual allegations as true, and construe such allegations "in the light most favorable to the non-moving party."

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:26-cv-00563-JVS-KES                    Date    May 18, 2026

Title       Noah Vonleh v. Alex Yam et al

Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Under Federal Rule of Procedure 9(b), a plaintiff must plead each element of a fraud claim with "particularity." Fed. R. Civ. P. 9(b). In other words, the plaintiff "must set forth more than the neutral facts necessary to identify the transaction." Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994)). A fraud claim must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Statements of the time, place, and nature of the alleged fraudulent activities are sufficient, but mere conclusory allegations of fraud are not. Id.

### III. DISCUSSION

#### A.    Vonleh's Motion to Remand

Yam removed this case to federal court on two grounds: (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332, and (2) federal question jurisdiction under the Federal Arbitration Act, 9 U.S.C. §§ 203, 205 ("Section 205 Removal"). (Notice of Removal ¶¶ 4, 17.) Vonleh argues that both grounds are deficient. (MTR at 3–4.) The Court finds

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:26-cv-00563-JVS-KES    Date    May 18, 2026

Title    Noah Vonleh v. Alex Yam et al

that Section 205 Removal is proper; thus, it does not address the parties' arguments regarding diversity jurisdiction.[4]

A federal district court has jurisdiction where the action's subject matter "relates to" an arbitration agreement or arbitral award falling under the New York Convention. See 9 U.S.C. § 205. When an agreement or award could "*conceivably* affect the outcome of the plaintiff's case," the action satisfies Section 205's relation requirement. Infuturia Glob. Ltd. v. Sequus Pharms., Inc., 631 F.3d 1133, 1138 (9th Cir. 2011) (emphasis in original) (quoting Beiser v. Weyler, 284 F.3d 665, 669 (5th Cir. 2002)). Though this Circuit generally construes removal statutes strictly, "the plain language of § 205 provides federal courts with remarkably broad removal authority." Id. at 1138 n.5.

In Vonleh I, the Court found that this case was sufficiently related to the BAT Award to allow Section 205 Removal. (Vonleh I Dismissal Order at 7–8.) Nevertheless, Vonleh argues that this case differs for two reasons. First, he contends that his "claims do not seek to enforce, interpret, or rely upon any arbitration agreement or arbitral award." (MTR at 7.) This argument is unpersuasive because Section 205's relation requirement does not demand that a plaintiff's claims seek to "enforce, interpret, or rely upon" an arbitral award. Instead, the standard asks whether it could "conceivably affect" the case's outcome. Infuturia, 631 F.3d at 1138. In this case, the BAT arbitrator had to determine that the Representative Fees Agreement was valid in order to interpret it and impose the BAT Award. (See BAT Award ¶¶ 13, 15, 44–47, 69, 72, 110–111, 126, 133, 137–140, 144, 149.) Thus, there can be little doubt that the BAT's decision affects the outcome of this matter.

Vonleh's second contention is that the Representative Fees Agreement is a forgery, so it cannot provide a basis for Section 205 Removal. (See MTR at 7–8.) Although the Court rejected Vonleh's characterization of the Representative Fees Agreement as forged in Vonleh I, Vonleh claims he has "new evidence" of the agreement's inauthenticity. (Id.; Opp'n to MTD at 9.) This evidence is composed of two declarations—one by Vonleh himself—disputing the validity of the Representative Fees

---

[4] Even a cursory review of the record indicates the parties are diverse. However, the Court need not discuss "snap removal" and the forum defendant rule.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:26-cv-00563-JVS-KES                              Date    May 18, 2026

Title       Noah Vonleh v. Alex Yam et al

Agreement.  (Declaration of Noah Vonleh ["Vonleh Decl."], Dkt. No. 12-2; Declaration of Midorag Raznatovic ["Raznatovic Decl."], Dkt. No. 15-2.)  According to Vonleh, "[w]here the existence of an arbitration agreement is disputed, courts, not arbitrators, must resolve that issue before compelling arbitration or exercising jurisdiction."  (MTR Reply at 6.)  The Court disagrees.

Courts in this Circuit have held that "Section 205 does not include any requirement that, as a prerequisite for removal, the removing party establish that the arbitration agreement is valid and enforceable."  Miller v. Tri Marine Fish Co., 2016 WL 3545523, at *5 (C.D. Cal. June 28, 2016); see also Scholz Recycling GmBH v. Yizhou, 2021 WL 4476664, at *5 (C.D. Cal. Sept. 29, 2021) (quoting the same); Davis v. Cascade Tanks, LLC, 2014 WL 3695493, at *4–5 (D. Or. July 24, 2014) (analyzing sections 203 and 205, reaching a conclusion that "the jurisdictional inquiry is separate from the merits of enforcement" and that "[o]nly once jurisdiction is determined is the court . . . to consider whether the agreement is null and void . . . .").  This conclusion also aligns with the purpose of Section 205 Removal, which is designed to confer "remarkably broad removal authority."  Infuturia, 631 F.3d at 1138 n.5.  The authority Vonleh cites to the contrary is unpersuasive.  For example, Vonleh states that 9 U.S.C. § 4 "mandates that when the making of the arbitration agreement is in issue, the court must resolve that dispute before proceeding further."  (MTR Reply at 6 (internal quotation marks omitted).)  But 9 U.S.C. § 4 does not say that.  Instead, it states that "[i]f the making of the arbitration agreement . . . [is] in issue, the court shall proceed summarily to the trial thereof."  It does not say anything about Section 205 Removal, and its requirement that disputed arbitration agreements proceed to trial actually indicates that such disputes *are* intended to remain in federal court.[5]  Vonleh's case law fares no better. He cites two California cases, neither of which *could* involve Section 205 Removal because they are not removed cases (or jurisdiction disputes, for that matter).  (MTR Reply at 6); see Garcia v. Stoneledge Furniture LLC, 102 Cal. App. 5th 41 (2024); Fleming v. Oliphant Fin., LLC, 88 Cal. App. 5th 13 (2023).  Finally, he cites two Ninth

---

[5] Of course, 9 U.S.C. § 4 does not require that *this* case immediately proceed to trial.  The Court need not take this route when it is "satisfied that the making of the agreement for arbitration . . . is not in issue . . . ."  9 U.S.C. § 4.  For the reasons described in the Vonleh I Dismissal Order and those advanced infra (Section III.B), the Court is satisfied that the "making" of the Representative Fees Agreement is not "in issue."

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 8:26-cv-00563-JVS-KES | | Date | May 18, 2026 |
| Title | Noah Vonleh v. Alex Yam et al | | | |

Circuit decisions that evaluated motions to compel arbitration in which, again, jurisdiction was not disputed.  (MTR Reply at 6); see Sanford v. MemberWorks, Inc., 483 F.3d 956 (9th Cir. 2007); Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136 (9th Cir. 1991).[6]

In sum, even if the validity of the Representative Fees Agreement *were* in meaningful dispute—which it is not, see Vonleh I Dismissal Order—it would not eliminate the Court's jurisdiction under sections 203 and 205.

* * *

Accordingly, the Court **DENIES** the Motion to Remand.  Likewise, it denies Vonleh's request for attorney fees and costs.  (See MTR at 9.)

### B.      *Yam's Motion to Dismiss*

Yam argues that Vonleh's claims are barred by the doctrines of issue preclusion (collateral estoppel), claim preclusion (*res judicata*), judicial estoppel, and ratification. (MTD at 7, 12, 14, 16.)  The Court finds that Vonleh's claims are barred *res judicata*, so it need not discuss Vonleh's other contentions.

#### 1.      Claim Preclusion

 "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'"  Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regul. Plan. Agency, 322 F.3d 1064, 1077 (9th Cir. 2003)).  The Court's decision in Vonleh I satisfies each of these elements.

#### a.      **Identity of Claims**

---

[6] The Court provides no pincites for any of these four cases because Vonleh provides none.  (See MTR Reply at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:26-cv-00563-JVS-KES                    Date    May 18, 2026

Title       Noah Vonleh v. Alex Yam et al

 "Identity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" <u>Stratosphere Litig. LLC v. Grand Casinos, Inc.</u>, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (quoting <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 713 (9th Cir. 2001)).  "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." <u>Tahoe-Sierra</u>, 322 F.3d at 1078.  Vonleh's new Complaint presents the same transactional nucleus of facts.  At bottom, his allegations revolve around the purportedly fraudulent Representative Fees Agreement, which was also the subject of <u>Vonleh I</u> (and, for that matter, the BAT Award and Northern District of Georgia decision).  (<u>See</u> Compl. ¶¶ 23–31; <u>Vonleh I</u> Dismissal Order at 5, 11–12.)  With regard to the specific causes of action, Vonleh already raised a breach of fiduciary duty claim against Yam in <u>Vonleh I</u>.  (<u>Id.</u> at 4.)  Because <u>Vonleh I</u> involved the same alleged facts, Vonleh *could have* raised his present fraud, negligent misrepresentation, conversion, and UCL claims as well.

 In response to this contention, Vonleh again points to new evidence: "Preclusion doctrines do not apply where the later action presents materially different facts or evidence that were not before the prior tribunal . . . ." (Opp'n to MTD at 9.)  Vonleh cites no case law to support this proposition.  In any case, Vonleh cannot argue in good faith that the present Complaint involves "materially different facts."  The question, then, is whether the introduction of new evidence disrupts the identity of claims.  It does not.  "[S]imply identifying newly developed or different evidence is not enough to overcome application of the doctrine of *res judicata,* or claim preclusion." <u>PCL Const. Servs., Inc. v. United States</u>, 84 Fed. Cl. 408, 422 (Fed. Cir. 2008) (citing Restatement (Second) of Judgments § 25(1)); <u>accord</u> <u>Int'l Union of Operating Eng'rs-Emps. Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr</u>, 994 F.2d 1426, 1430 (9th Cir. 1993) ("The fact that some different evidence may be presented in this action . . . does not defeat the bar of res judicata."); <u>Durrani v. ICE</u>, 2015 WL 13358360, at *4 (C.D. Cal. Nov. 30, 2015) ("[I]t is well established that new evidence cannot prevent the application of claim preclusion."); 18 Fed. Practice & Procedure Jurisdiction and Related Matters §

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:26-cv-00563-JVS-KES              Date   May 18, 2026

Title   Noah Vonleh v. Alex Yam et al

4408 (3d ed.) ("Simply offering to provide new evidence does not establish a new claim, even if the evidence could not have been produced at the time of the first trial.").[7]

Thus, there is an identity of claims.

### b.      Final Judgment on the Merits

"The dismissal of [an] action with prejudice constitutes a final judgment on the merits . . . ." Karr, 994 F.2d at 1429.  The Court's order in Vonleh I dismissed Vonleh's claims against Yam with prejudice.  (See Vonleh I Dismissal Order at 12–13.)  Thus, this element is satisfied.

### c.      Privity

When "parties in both actions are identical," they are "quite obviously in privity." Tahoe-Sierra, 322 F.3d at 1081.  The only two parties in this case are Vonleh and Yam, who were the named plaintiff and defendant in Vonleh I.  This element, too, is satisfied.

### 2.      Leave to Amend

As an argument in the alternative, Vonleh requests leave to amend.  "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).  The Court does not dismiss Vonleh's Complaint for factual deficiencies.  Rather, it dismisses it as barred *res judicata*—a matter of law.  Any amendment would be futile.  Thus, leave to amend is denied.

---

[7] The same can be said for Vonleh's contention that there are "factual questions regarding execution, authenticity, and authority—issues that must be addressed through discovery . . .[,] not at the pleading stage." (Opp'n to MTD at 22–23.)  No matter the evidence, new evidence alone cannot overcome *res judicata*.  Thus, to the extent there are factual issues here, they do not prevent claim preclusion.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:26-cv-00563-JVS-KES                    Date   May 18, 2026

Title      Noah Vonleh v. Alex Yam et al

       3.       Requested Sanctions

Finally, Yam requests sanctions against Vonleh and his counsel for "asserting substantively identical allegations" against him that were "unsupported by any authority . . . ." (MTD Reply at 7.)  The Court declines to impose sanctions at this time.  However, the Court is mindful that this is Vonleh's *fourth* attempt to litigate the same nucleus of facts.  He has received unfavorable rulings before the BAT, the Northern District of Georgia, and this Court—twice.  At some point, enough is enough.  Further frivolous filings may be subject to sanctions.

\* \* \*

Accordingly, the Court **GRANTS** the Motion to Dismiss as to all claims.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion to Remand and **GRANTS** the Motion to Dismiss as to all causes of action.  Dismissal is without leave to amend and with prejudice.

**IT IS SO ORDERED.**